IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40905
Conference Calendar
_____


EDUARDO DELGADO SALAZAR,

                                        Petitioner-Appellant,

versus

JONATHAN DOBRE, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-137
--------------------

February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

    Eduardo Delgado Salazar, federal prisoner # 66865-079,
appeals the district court's dismissal of his 28 U.S.C. § 2241
petition.  He argues that he cannot bring a claim based on
Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), in a 28 U.S.C.
§ 2255 motion because it would be barred by requirements for
filing a successive 28 U.S.C. § 2255 motion.  He argues that his
only remedy is to bring a 28 U.S.C. § 2241 petition under the
savings clause of 28 U.S.C. § 2255.  Salazar has not shown that

    *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the district court erred in dismissing his petition as he has not shown that his Apprendi claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." See Reyes-Requena v. United States, 243 F.3d 893, 900 (5th Cir. 2001). Therefore, he has not shown that his claim falls within the savings clause of 28 U.S.C. § 2255. Further, a prior unsuccessful 28 U.S.C. § 2255 motion or the inability to meet the requirements for filing a second or successive 28 U.S.C. § 2255 motion does not make 28 U.S.C. § 2255 inadequate or ineffective. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).

Salazar also argues that the district court's dismissal of his 28 U.S.C. § 2241 petition violated his rights under the Suspension Clause. Because he did not raise this claim in the district court, review is limited to plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc); Robertson v. Plano City of Tex., 70 F.3d 21, 23 (5th Cir. 1995). The savings clause of 28 U.S.C. § 2255 does not violate the Suspension Clause. Reyes-Requena, 243 F.3d at 901 n.19.

AFFIRMED.