IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10128
Conference Calendar
_____


NICHOLAS A. PERRONE,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA; RALPH J. PAYNE, Warden,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:01-CV-156
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Nicholas A. Perrone, federal prisoner # 10293-018, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition.  Perrone argues that his guilty plea to carrying a firearm during and in relation to a drug-trafficking crime, 18 U.S.C. § 924(c), was not knowing and intelligent in light of Bailey,[**] and that the sentencing court lacked jurisdiction to

---

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

     [**]  Bailey v. United States, 516 U.S. 137 (1995).

convict and sentence him for that offense.  He argues that he should be allowed to bring his claims in this 28 U.S.C. § 2241 habeas petition under the "savings clause" of 28 U.S.C. § 2255.

"[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). A prior unsuccessful 28 U.S.C. § 2255 motion does not render 28 U.S.C. § 2255 inadequate or ineffective.  Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).  The petitioner bears the burden of affirmatively showing that the 28 U.S.C. § 2255 remedy is inadequate or ineffective.  Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Perrone's Bailey claim was addressed and denied on the merits in his first 28 U.S.C. § 2255 proceeding.  Perrone's prior unsuccessful 28 U.S.C. § 2255 motion does not render 28 U.S.C. § 2255 inadequate or ineffective.  See Tolliver, 211 F.3d at 878.

AFFIRMED.