IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30770
Summary Calendar
_____

CLARENCE ROBINSON, JR.,

Petitioner-Appellant,

versus

CARL CASTERLINE,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-1892
--------------------
February 10, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Clarence Robinson, Jr., a federal prisoner (# 02476-095), appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. Robinson pleaded guilty in 1993 to carrying a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c), and was sentenced to 60 months in prison. Robinson argues that the district court erred in dismissing his petition as an abuse of the writ and in concluding that he had not shown that 28 U.S.C. § 2255 did not provide an "inadequate" and "ineffective" postconviction remedy.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court concluded that Robinson's claims were not properly brought under 28 U.S.C. § 2241.  Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence.  Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).  A 28 U.S.C. § 2241 petition is not a "substitute" for a motion under 28 U.S.C. § 2255, and a "[§] 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

Although Robinson could proceed under 28 U.S.C. § 2241 if he demonstrated that 28 U.S.C. § 2255 relief was "inadequate or ineffective" under the latter statute's "savings clause," Robinson has failed to make such a showing.  See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (to proceed under "savings clause," petitioner must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion).  The judgment of the district court is AFFIRMED.