United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-11313
Summary Calendar
_____

JOHNNY WAYNE WADE,

                                        Petitioner-Appellant,

versus

L. E. FLEMING, Warden, Federal
Medical Center-Fort Worth,

                                        Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-839-Y
---------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Johnny Wayne Wade, a federal prisoner (# 06634-078), appeals
the district court's dismissal of his 28 U.S.C. § 2241 habeas
corpus petition.  In 1999, a federal jury convicted Wade of one
count of conspiracy to commit arson and two counts of arson,
violations of 18 U.S.C. § 844(n) and (i).  Wade was sentenced to
a total of 84 months in prison and three years of supervised
release.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court concluded that Wade's claims were not properly brought under 28 U.S.C. § 2241. Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). A 28 U.S.C. § 2241 petition is not a "substitute" for a motion under 28 U.S.C. § 2255, and a "[§] 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

Although Wade could proceed under 28 U.S.C. § 2241 if he demonstrated that 28 U.S.C. § 2255 relief was "inadequate or ineffective" under the latter statute's "savings clause," Wade has failed to make such a showing. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (to proceed under "savings clause," petitioner must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion).

Wade has abandoned a number of claims that he was subjected to cruel and unusual punishment, by failing to brief such claims in this court. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

The judgment of the district court is AFFIRMED.