United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 12, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-50850
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                                                    Plaintiff-
                                        Appellee,

                          versus

MICHAEL C. WARD,

                                                              Defendant-
                                        Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-75-CR-128-ALL
-----------------------------------------------------------------

Before SMITH, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

        Michael C. Ward, currently Michigan prisoner # 128267, appeals the district court's denial

of his motion to correct his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

He argues that the district court erred in applying the current version of Rule 35. The former Rule

35 remains applicable to offenses committed prior to November 1, 1987. See Pub. L. No. 98-473,

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§§ 215, 235(a)(1), 98 Stat. 2015-16, 2031-32 (1984), as amended by Pub. L. No. 99-217, § 4, 99 Stat. 1728 (1985); Pub. L. No. 100-182, § 22, 101 Stat. 1271 (1987).  Because Ward was convicted and sentenced in 1976, the former Rule 35 remains applicable to him, and the district court erred in applying the current Rule 35.

Ward argues that his ten-year term of special parole is illegal because it exceeds the three-year statutory maximum special parole term authorized by 21 U.S.C. § 841(b)(1)(A) (1970).  Ward argues that the Government did not file an information stating that it would rely on previous conviction before trial as required by 21 U.S.C. § 851 (1970) and, therefore, the trial court did not have authority to impose a special parole term in excess of three years.  Ward argues that he is entitled to have his illegal sentence corrected pursuant to Rule 35.  Former Rule 35 provides that the court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within 120 days after the imposition of sentence.  See United States v. Holmes, 822 F.2d 481, 485 (5th Cir. 1987).  Because the Government did not file an information listing Ward's prior conviction prior to trial as required by 21 U.S.C. § 851, the trial court was precluded from considering his prior conviction as a factor in sentencing him under 21 U.S.C. § 841(b)(1)(A).  Therefore, Ward's ten-year special parole term is illegal because it exceeds the three-year statutory maximum special parole term authorized by 21 U.S.C. § 841(b)(1)(A).  Accordingly, the district court's judgment is vacated and the case is remanded to the district court for further proceedings.  Ward's motion for leave to file a supplemental brief is GRANTED.  Ward's motion for a stay of appellate proceedings is DENIED.

Ward also argues that the special parole term should have started when he was released from federal prison on March 30, 1990 and that the ten-year special parole term should be concurrent with the six-year federal special parole term imposed in a separate case by the district court for the

Western District of Michigan.  Ward does not argue that these alleged errors caused his sentence to be illegal.  Rather, these claims concern the manner in which the sentence is being executed and should be raised in a 28 U.S.C. § 2241 petition.  See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).

For the first time on appeal, Ward asserts that his trial counsel was ineffective in that he did not object to the Government's noncompliance with 21 U.S.C. § 851 and that his appellate counsel failed to raise this issue on appeal.  White brief, 14-18.  The court should not consider Ward's new claims raised for the first time on appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

VACATED AND REMANDED; MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED; MOTION FOR STAY DENIED.