United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 24, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03 - 41183
SUMMARY CALENDAR
_____

ELPIDIO DELGADO, JR., Also known as
Elipidio Delgado,

                Petitioner - Appellant,

   v.

UNITED STATES DEPARTMENT OF JUSTICE,
Bureau of Prisons,

                Respondent - Appellee.

_____

On Appeal from the United States District Court for the
Eastern District of Texas
(1:03-CV-135)
_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

      In this appeal, we review the district court's decision to dismiss Petitoner - Appellant,

Elpidio Delgado's, 28 U.S.C. § 2241 habeas corpus petition challenging his conviction, pursuant

to a plea agreement, for possession with intent to distribute cocaine.

_____

      [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

Delgado did not appeal his conviction or sentence, and he has not filed a motion to vacate, set aside, or correct his sentence. In his petition, Delgado argues that the Government breached the plea agreement, that the sentencing court erred in finding him responsible for possessing 159.96 kilograms of cocaine, and that the sentencing court erred in calculating his criminal history score.

Initially, the magistrate judge attempted to construe Delgado's petition as a 28 U.S.C. § 2255 motion, but Delgado insisted that he wanted relief only under 28 U.S.C. § 2241. The magistrate judge then recommended that the petition be dismissed because Delgado was attacking the validity of his conviction and sentence, not the manner in which his sentence was being executed. The district court adopted the magistrate judge's recommendation and Delgado filed a timely notice of appeal.

We review the district court's findings of fact for clear error, and issues of law are reviewed de novo. *Moody v. Johnson*, 139 F.3d 477, 480 (5th Cir. 1998). The primary means of attacking a federal conviction and sentence is 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). 28 U.S.C. § 2241 should be used to attack the manner in which the sentence is executed. *Id*. However, under the "savings clause" of § 2255, the petitioner may proceed by § 2241, if he can show that § 2255 provides him with an inadequate or ineffective remedy. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

To invoke the "savings clause", Delgado must show that (1) his claims are based on a retroactively applicable Supreme Court decision that establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by a circuit law at the time when the claims should have been raised in his trial, appeal, or § 2255 motion. *See Reyes-Requena v.*

*United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Delgado does not argue that his claim relies on a Supreme Court decision or that his claims were foreclosed.  He has failed to show that the district court erred in dismissing his claim. Thus, the district court's judgment is affirmed.