# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-11066
Summary Calendar

LEVI WOODERTS, JR.,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA; WARDEN, FCI Seagoville,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-1298

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Levi Wooderts, Jr., federal prisoner # 29639-077, appeals from the dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 application in which he challenged his 20-year sentence for one count of conspiracy to alter or remove motor vehicle identification numbers (VINs), eight counts of alteration or removal of VINs, and eight counts of trafficking in motor vehicle parts with altered VINs. Wooderts argues that his sentence, the Sentencing Guidelines,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and 18 U.S.C. § 3553 are unconstitutional and that he received ineffective assistance of counsel at sentencing. Wooderts argues that the remedy under 28 U.S.C. § 2255 would be inadequate or ineffective to test the legality of his detention because this court has refused to address arguments relating to the Guidelines in § 2255 motions. We review the dismissal of Wooderts's § 2241 application de novo. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

Section 2255 provides "the primary means of collaterally attacking a federal sentence." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Under § 2255's savings clause, however, if a prisoner can demonstrate that the § 2255 remedy would be "inadequate or ineffective to test the legality of his detention," he may be permitted to bring a habeas corpus claim pursuant to § 2241 instead. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting § 2255(e)) (emphasis omitted). Section 2255's savings clause applies to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and "(ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id*. at 904.

Wooderts has not advanced an argument that a Supreme Court case has rendered his conviction invalid. His arguments relate entirely to his sentence. Wooderts has not made the showing required to proceed under § 2255's savings clause. The judgment of the district court is AFFIRMED.