# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2010

No. 09-40867
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT RAY SANDLIN,

Petitioner-Appellant

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CV-406

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Ray Sandlin was convicted of importation or transportation of obscene maters and possession of sexually explicit visual depictions of minors, and the district court sentenced him to concurrent 57-month terms of imprisonment and three-year terms of supervised release. Sandlin filed in the district court an application under 28 U.S.C. § 2241 challenging the special conditions of his supervised release that constrain his access to the internet. The district court dismissed Sandlin's application without prejudice for lack of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction, construing it as an unauthorized second or successive motion under 28 U.S.C. § 2255. Challenging the district court's denial of leave to appeal in forma papueris (IFP), Sandlin has filed a motion in this court for leave to proceed IFP.

A movant for IFP on appeal must show that he is a pauper and that he will present a nonfrivolous appellate issue. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Sandlin is unable to make the requisite showing as to the latter requirement. As the district court observed, Sandlin's § 2241 application challenged the supervised release component of his federal sentence. A § 2241 application that "attacks errors that occur at trial or sentencing is properly construed under § 2255." *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000); *see also Christopher v. Miles*, 342 F.3d 378, 381-82 (5th Cir. 2003). Sandlin must meet the requirements of the savings clause of § 2255(e) to raise his claims under § 2241. *See Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000); *see also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000); § 2255(e). Sandlin bears the burden of demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); *see also Pack*, 218 F.3d at 452. Relief under § 2255 is not "inadequate or ineffective" for purposes of the savings clause merely because the prisoner has filed a prior unsuccessful § 2255 motion or is unable to meet the requirements for filing a second or successive § 2255 motion. *Tolliver*, 211 F.3d at 878. As Sandlin has not met the requirements of the savings clause, the district court did not err in concluding that he could not bring his claims under § 2241. *See Pack*, 218 F.3d at 453.

Sandlin argues that he was denied due process when the district court construed his § 2241 application as an unauthorized second or successive § 2255 motion without giving him prior notice. Sandlin's right to due process was not denied; Sandlin's pleading was not recharacterized "as a first § 2255 motion" for

purposes of the second or successive restrictions of § 2255(h). *Castro v. United States*, 540 U.S. 375, 383 (2003).

Sandlin has not established that he will raise a nonfrivolous appellate issue. *See Carson*, 689 F.2d at 586. Accordingly, we DENY the motion to proceed IFP on appeal and we DISMISS Sandlin's appeal as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.