**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 4, 2011

Lyle W. Cayce
Clerk

No. 11-40348
Summary Calendar

DERRICK OLIPHANT,

Petitioner - Appellant

v.

M. MARTIN, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-822

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Derrick Oliphant, federal prisoner # 14426-078, appeals the dismissal of his 28 U.S.C. § 2241 petition. Oliphant was convicted in 2008 of conspiracy to possess with intent to distribute cocaine base. He claims he should not have been prosecuted in federal court and that his indictment was defective.

In reviewing denial of habeas relief, questions of law are reviewed *de novo*. *E.g.*, *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The primary means

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of collaterally attacking a federal conviction and sentence is provided by 28 U.S.C. § 2255. *E.g.*, *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 generally is used to attack the manner in which a sentence is executed. *Id.* Nevertheless, a § 2241 petition attacking a federal conviction or sentence may be considered *if* petitioner shows the remedy under § 2255 is "inadequate or ineffective". *Id.* at 878. *See also* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.") ("savings clause"). The remedy under § 2255 is inadequate or ineffective when: (i) a retroactively applicable Supreme Court decision shows petitioner may have been convicted of a nonexistent offense; and (ii) this claim was foreclosed by law at the time it should have been raised in petitioner's trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

The district court dismissed Oliphant's § 2241 petition because the claims should have been brought in a § 2255 motion and because the petition did not meet the requirements for proceeding under the savings clause of § 2255. The district court did not err.

AFFIRMED.