**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
_____

**No. 99-41420**
**Summary Calendar**
_____

**SYLVESTER TOLLIVER,**

**Petitioner-Appellant,**

**versus**

**JONATHON DOBRE,**

**Respondent-Appellee.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Texas**

_____
May 3, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:

In challenging the dismissal of his 28 U.S.C. § 2241 habeas petition, Sylvester Tolliver (federal prisoner # 24806-013) contends that § 2241 is the proper method to collaterally attack his sentence, because a 28 U.S.C. § 2255 motion would be denied as successive, therefore rendering § 2255 ineffective and inadequate. We **AFFIRM**.

I.

A jury convicted Tolliver for conspiracy to possess with intent to distribute cocaine, aiding and abetting that possession, and carrying a firearm during those drug trafficking offenses. The

conviction was affirmed on direct appeal. *United States v. Tolliver*, No. 93-4438 (5th Cir. 18 Mar. 1994)(unpublished).

In 1996, Tolliver filed a § 2255 motion, challenging his conviction for carrying a firearm. The motion was granted. His request to file a second § 2255 motion was denied. (Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) Pub. L. No. 104-132, 110 Stat. 1214 (1996), permission must be received from a court of appeals to file a successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A).)

In November 1999, Tolliver filed the § 2241 petition in issue, contending § 2255 was inadequate or ineffective, because the motion would be denied as successive. The petition was denied.

## II.

Section § 2255 is the primary means of collaterally attacking a federal sentence. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section § 2241 is used to attack the manner in which a sentence is executed. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131-32 (5th Cir. 1987). Nevertheless, a § 2241 petition attacking a federally imposed sentence may be considered *if* the petitioner establishes the remedy under § 2255 is inadequate or ineffective. *Cox*, 911 F.2d at 1113.

- 2 -

We join our sister circuits that have held that a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does *not* make § 2255 inadequate or ineffective. *See* **Charles v. Chandler**, 180 F.3d 753, 757-58 (6th Cir. 1999); **United States v. Barrett**, 178 F.3d 34, 50 (1st Cir. 1999), *cert. denied*, ___U.S.___, 120 S.Ct. 1208 (2000); **Caravalho v. Pugh**, 177 F.3d 1177, 1179 (10th Cir. 1999); **In re Davenport**, 147 F.3d 605, 608 (7th Cir. 1998).  Tolliver is simply attempting to circumvent the limitations on filing successive § 2255 motions. Correspondingly, his contention that § 2255 is inadequate or ineffective, because it would be dismissed as successive, is without merit.

## III.

For the foregoing reasons, the denial of § 2241 habeas relief is

*AFFIRMED.*