IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30344
Conference Calendar
_____

MICHAEL ANTHONY SPENCER,

Petitioner-Appellant,

versus

CARL CASTERLINE,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-14
--------------------
August 23, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Michael Anthony Spencer, federal prisoner # 28353-048, challenges the district court's dismissal of his 28 U.S.C. § 2241 petition based on its determination that his claims were not properly brought under § 2241. Spencer argues that his claims attack the execution rather than the validity of his sentence. This argument is facially without merit. The sentencing issues he sought to raise challenge the validity rather than the execution of his sentence, and the claims are inappropriate for consideration under § 2241.

_____

  [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Spencer alternatively argues that his claims were proper under § 2241 because relief under § 2255 was inadequate or ineffective to test the legality of his detention as he cannot meet the requirements for filing a successive § 2255 motion under the Antiterrorism and Effective Death Penalty Act.  The inability to meet the AEDPA's requirements for filing a successive § 2255 motion is not, in and of itself, sufficient to establish the inadequacy or ineffectiveness of the remedy under § 2255.  See Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000).  Accordingly, the district court did not err in determining that Spencer's claims could not be brought under § 2241.

Spencer's appeal is without arguable merit, is frivolous, and is therefore DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  Spencer is CAUTIONED that the filing of future frivolous appeals will invite the imposition of sanctions.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.