IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11127
Conference Calendar
_____

LARRY LEE OCHSNER,

                                        Petitioner-Appellant,

versus

LES FLEMING, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-490-E
--------------------
December 11, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Larry Lee Ochsner, federal prisoner # 19267-077, appeals from the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition and from the denial of his Fed. R. Civ. P. 60(b) motion. Ochsner argues that the factual basis of his guilty plea to using and carrying a firearm during and in relation to a drug-trafficking crime, 18 U.S.C. § 924(c)(1)-(2), was insufficient in the light of Bailey.[**] Ochsner argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] Bailey v. United States, 516 U.S. 137 (1995).

he should be allowed to bring his claim in a 28 U.S.C. § 2241 habeas petition under the "savings clause" of 28 U.S.C. § 2255.

"[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). A prior unsuccessful 28 U.S.C. § 2255 motion does not render 28 U.S.C. § 2255 inadequate or ineffective.  Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).  The petitioner bears the burden of affirmatively showing that the 28 U.S.C. § 2255 remedy is inadequate or ineffective.  Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The district court determined that Ochsner's Bailey claim was addressed on the merits in a prior 28 U.S.C. § 2255 proceeding.  Ochsner's prior unsuccessful 28 U.S.C. § 2255 motion does not render 28 U.S.C. § 2255 inadequate or ineffective.  See Tolliver, 211 F.3d at 878.

AFFIRMED.