IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10961
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMES WILLIE DUKE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:93-CR-28-2-D
--------------------
February 26, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:*

    James Willie Duke, federal prisoner # 24193-077, appeals the

dismissal of his "Petition for Writ of Habeas Corpus or Coram

Nobis Alternative Extraordinary Writs pursuant to the All Writs

Act."  Duke argues that he may challenge his conviction through

the All Writs Act, 28 U.S.C. § 2241, and the savings clause of

28 U.S.C. § 2255.  Duke's motion to file a reply brief out of

time is GRANTED.

    Because Duke is collaterally attacking the legality of his

conviction and sentence, the controlling statute is 28 U.S.C.

_____

    *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 2255.  See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001).  Duke has not shown that the 28 U.S.C. § 2255 remedy is inadequate or ineffective because neither a prior unsuccessful motion nor the inability to meet the requirement for bringing a successive motion makes 28 U.S.C. § 2255 inadequate or ineffective.  Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Duke's argument that his petition may be heard under the savings clause of 28 U.S.C. § 2255 based on Jones v. United States, 526 U.S. 227 (1999), and Apprendi v. New Jersey, 530 U.S. 466 (2000), also fails.  Even if Jones and Apprendi could be applied retroactively, Duke's indictment was not defective within the meaning of Jones, and he has demonstrated no Apprendi violation.  See Jones, 526 U.S. at 251-52; Apprendi, 530 U.S. at 490.  The judgment of the district court is AFFIRMED.

MOTION GRANTED.  AFFIRMED.