IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50831
Conference Calendar

_____

THOMAS CLINTON MARTIN,

                                        Petitioner-Appellant,

versus

ROBERT MILES,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-333-JN
--------------------
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Thomas Clinton Martin, federal prisoner # 59848-079, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, in which he sought to challenge the legality of his sentence. A 28 U.S.C. § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner establishes that the remedy provided for under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). The "savings clause" of 28 U.S.C. § 2255 that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

preserves the 28 U.S.C. § 2241 remedy "applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id. Section 2255 is not inadequate merely because a habeas petitioner cannot meet the requirements for filing a successive motion. Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000). Martin fails to satisfy the requirements of the savings clause or to show that the remedy provided by 28 U.S.C. § 2255 is otherwise inadequate.

The judgment is AFFIRMED.