IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40365
Conference Calendar
_____


VICTOR MICHAEL MACIAS,

                                        Petitioner-Appellant,

versus

N. L. CONNER, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:01-CV-51
--------------------
October 29, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

    Victor Michael Macias, federal prisoner # 63420-080, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, asserting that he is actually innocent of the crime to which he pleaded guilty and that the indictment was invalid. As the district court determined, because Macias' petition challenges his conviction and sentence, it is really a 28 U.S.C. § 2255 motion. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000); Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000).

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Macias could proceed under 28 U.S.C. § 2241 if he demonstrated that 28 U.S.C. § 2255 relief was inadequate or ineffective, Macias has made no such showing.  He does not argue that 28 U.S.C. § 2255 is inadequate in his appellate brief, and he has therefore abandoned the argument.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  For the first time in his reply brief, Macias conclusionally argues that 28 U.S.C. § 2255 is ineffective, but this court will not consider arguments raised for the first time in a reply brief.  See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).  Even if the court were to consider the argument, Macias offers no reason why 28 U.S.C. § 2255 relief is inadequate in his case and has thus failed to make the required showing.

Macias has not demonstrated any error in the district court's judgment.  Accordingly, the judgment is AFFIRMED.