United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11312
Conference Calendar
_____

FREDERICK LYNN MITCHELL,

                                        Petitioner-Appellant,

versus

K.J. WENDT, Warden, Federal Correctional
Institution - Seagoville,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-1306-A
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

    Frederick Lynn Mitchell, federal prisoner #26943-177,

appeals the dismissal for lack of jurisdiction of his 28 U.S.C.

§ 2241 petition, which the district court construed as a

successive 28 U.S.C. § 2255 motion filed without proper

authorization.  In his petition, he sought to challenge his

guilty-plea conviction for possession with the intent to

distribute more than 50 grams of cocaine base.  Mitchell argued

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that (1) his conviction was void because the statutes under which he was convicted were uncodified; (2) the indictment was defective because it failed to allege the essential elements of the offense; (3) the district court lacked subject-matter jurisdiction because the indictment failed to allege the essential elements of the offense; (4) he was actually innocent of the offense of conviction; and (5) the "fair warning doctrine" was violated because the indictment failed to allege the essential elements of the offense.

The district court correctly construed the petition as a successive motion under 28 U.S.C. § 2255 because Mitchell was attacking the legality of his conviction rather than the manner of execution of his sentence. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Nor has Mitchell shown that his case fits within the "savings clause" of 28 U.S.C. § 2255. See 28 U.S.C. § 2255; Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). The judgment of the district court is affirmed.

AFFIRMED.