United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30463
Summary Calendar
_____

TOMMIE ANDERSON,

Petitioner-Appellant,

versus

BUREAU OF PRISONS; WARDEN TAPIA,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:04-CV-2458
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tommie Anderson, federal prisoner # 24492-034, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Anderson contends that his claims were properly brought under § 2241 because he challenged the manner in which his sentence was being executed by the Bureau of Prisons (BOP). Specifically, he argued that his detention was unconstitutional because neither the indictment, the judgment and commitment order, the presentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

report, nor the BOP's records specified the penalty statute under which he was serving his sentence.

Despite his assertions to the contrary, Anderson challenged the legality of his conviction and sentence, not the execution of his sentence by the BOP. Therefore, his § 2241 petition was properly construed as a 28 U.S.C. § 2255 motion. See Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000).

Further, Anderson's claims do not fall within the savings clause of § 2255. A prior unsuccessful § 2255 motion, or the inability to meet the Antiterrorism and Effective Death Penalty Act's second or successive requirement, does not render § 2255 inadequate or ineffective. Id. at 878. Anderson has also not shown that his claims rely on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and that his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Accordingly, the district court's judgment is AFFIRMED.