United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11429
Conference Calendar

_____

MARK ANTHONY,

Petitioner-Appellant,

versus

DAN JOSLIN,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-1790
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

Mark Anthony, federal prisoner # 05991-062, appeals the
dismissal without prejudice of his 28 U.S.C. § 2241 habeas
petition, construed as a 28 U.S.C. § 2255 motion, for lack of
subject matter jurisdiction. Anthony challenged his conviction
and sentence for conspiracy to distribute more than 50 grams of
cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1).

Because Anthony's claims relate to errors that allegedly
occurred at or prior to sentencing, his claims could not be

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserted in a § 2241 petition.  See Reyes-Requena v. United States, 243 F.3d 893, 900 (5th Cir. 2001); Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).  Moreover, Anthony has not shown that he is entitled to proceed under § 2241 based on the "savings clause" of § 2255.  See Reyes-Requena, 243 F.3d at 901, 904.  Anthony's argument that the restrictions on obtaining relief pursuant to § 2241 and the savings clause of § 2255 constitute a violation of the Suspension Clause is without merit.  See id. at 901 n.19.

As Anthony does not address the district court's finding that it lacked subject matter jurisdiction to consider his motion under § 2255, any challenge to that finding has been abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  The district court's judgment is AFFIRMED.