IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 07-20214
Conference Calendar

MILTON EARL CARBE

                                        Petitioner-Appellant

v.

UNITED STATES OF AMERICA

                                        Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-4055

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Milton Earl Carbe, federal prisoner # 66325-079, appeals the dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 petition, in which he challenged his convictions for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. In his petition, he argues that he is confined illegally because the speedy-trial waiver he executed prior to trial was invalidated by Zedner v. United States, 126 S. Ct. 1976 (2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The proper vehicle for attacking errors that occurred during or before sentencing is a 28 U.S.C. § 2255 motion. See Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000). Under the savings clause of § 2255, however, if a prisoner can demonstrate that the § 2255 remedy would be "inadequate or ineffective to test the legality of his detention," he may be permitted to bring a habeas corpus claim pursuant to § 2241. Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (emphasis removed). The savings clause applies to a claim that is based upon a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Id. at 904.

Carbe fails to show that Zedner, which was decided in the context of a direct appeal, applies retroactively or that it rendered any offense of conviction "nonexistent." Thus, he has failed to demonstrate that the § 2255 remedies were ineffective and inadequate. The judgment of the district court is affirmed. Carbe's motions for appointment of counsel, for bail pending appeal, and to supplement the record are denied.

AFFIRMED; MOTIONS DENIED.