**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-30720
Summary Calendar

CARMEN GRICCO,

Petitioner–Appellant,

v.

JOE KEFFER,

Respondent–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CV-786

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carmen Gricco, federal prisoner # 54747-066, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, in which he asserted that his constitutional rights were violated when he was denied a direct appeal and that he was denied appointed counsel for his appeal from his 2002 convictions for money laundering, drug, and weapons charges, for which he is serving multiple life sentences. Gricco asserts that his claims were properly brought pursuant to § 2241 because § 2241 petitions and 28 U.S.C. § 2255 motions are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"indistinguishable." Alternatively, he denies that he challenges the legality of his convictions or sentences and contends that relief under § 2241 is his "exclusive remedy" for his ongoing illegal detention. He further alternatively contends that he has satisfied the requirements to proceed under the savings clause of 28 U.S.C. § 2255(e).

We review the district court's dismissal de novo. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Gricco's argument that § 2241 relief and § 2255 relief are indistinguishable is patently incorrect. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Similarly unavailing is his argument that he is not challenging the validity of his convictions or sentences. The claims Gricco raises challenge the validity of his convictions and sentences, not the manner in which his sentences are being executed, and they therefore should have been brought in a § 2255 motion. *See Tolliver*, 211 F.3d at 877.

A § 2241 petition that attacks custody resulting from a federally imposed sentence may nevertheless be entertained if the petitioner establishes, under the savings clause of § 2255(e), that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). The savings clause "applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904. In an effort to make the required showing, Gricco now cites two Supreme Court cases in support of his claims, *Penson v. Ohio*, 488 U.S. 75 (1988) and *Barker v. Wingo*, 407 U.S. 514 (1972). However, these cases are neither new, as they both predate Gricco's convictions, nor retroactively applicable.

Gricco additionally asserts that he could not have raised his claims earlier as they were foreclosed by then-existing precedent, but he fails to identify any

authority that would have foreclosed his claims had they been timely brought in a § 2255 motion. Thus, as the district court properly concluded, Gricco has not met the requirements to proceed under the savings clause. *See Reyes-Requena*, 243 F.3d at 904.

Accordingly, the district court's judgment is AFFIRMED. Gricco's motions for the appointment of counsel and to allow attachments to his appellate brief are DENIED.