# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2009

Charles R. Fulbruge III
Clerk

No. 09-60068
Summary Calendar

ANDREW HANTZIS

Petitioner-Appellant

v.

BRUCE PEARSON, Warden

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:08-CV-341

Before JONES, Chief Judge, and WIENER and PRADO, Circuit Judges.

PER CURIAM:[*]

Andrew Hantzis, federal prisoner # 16438-112, appeals following the district court's denial of relief on his 28 U.S.C. § 2241 petition. Hantzis was convicted of a drug offense in a California federal district court in 2001 and was sentenced to a term of imprisonment in 2005. He is now incarcerated at a federal correctional institution in Mississippi. His direct appeal remains pending in the Ninth Circuit Court of Appeals.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hantzis claims that the delay in deciding his direct appeal violates his due process rights. He also claims that the four-year delay between his conviction and his sentencing violates due process. He requests release pending appeal and the issuance of an order directing the Ninth Circuit to decide his appeal.

Hantzis has not shown that his claims are cognizable under § 2241, which is properly used to raise a challenge to "the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Nor has Hantzis met his burden to show that his claims satisfy the criteria for the savings clause of 28 U.S.C. § 2255(e). *See Christopher v. Miles*, 342 F.3d 378, 381-82 (5th Cir. 2003); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

The district court also determined that Hantzis was not entitled to the issuance of a writ of mandamus. Hantzis has not shown that any of the criteria for the issuance of a writ of mandamus are satisfied. *See Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 380-81 (2004).

The judgment of the district court is AFFIRMED.