# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 13, 2010

Lyle W. Cayce
Clerk

No. 10-60089
Summary Calendar

QUENTIN A. MITCHELL,

Petitioner-Appellant

v.

BRUCE PEARSON,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:09-CV-191

Before KING, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Quentin Antwan Mitchell, federal prisoner # 95256-080, is serving a total 219-month sentence after he pleaded guilty, in two separate cases, to two counts of interference with commerce by robbery, two counts of carjacking, and one count of brandishing a firearm during and in relation to a crime of violence. He appeals the denial of his 28 U.S.C. § 2241 petition in which he asserted that one of his judgments of conviction was invalid because the district court dismissed all of the counts contained therein and that, therefore, the Bureau of Prisons did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not have the authority to incarcerate him for 219 months. Mitchell previously has filed one untimely 28 U.S.C. § 2255 motion and two unsuccessful § 2241 petitions.

The district court correctly determined that Mitchell's allegations of sentencing error are not cognizable in a § 2241 petition. *See Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Mitchell may challenge his conviction under § 2241 only if he establishes that "the remedy [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); *see Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (citing *Reyes-Requena*, 243 F.3d at 904). Mitchell does not rely upon a retroactively applicable Supreme Court decision that establishes that he is actually innocent. Thus, he fails to demonstrate that the remedy under § 2255 is inadequate. *See Jeffers*, 253 F.3d at 830-31.

We caution Mitchell that any future frivolous, repetitive, or otherwise abusive filings may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction. The judgment of the district court is AFFIRMED, Mitchell's motion to appoint counsel is DENIED, and a SANCTION WARNING IS ISSUED.