# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 14, 2011

No. 11-40675
Summary Calendar

Lyle W. Cayce
Clerk

RANDY E. BLODGETT,

Petitioner-Appellant

v.

M. MARTIN, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-109

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Randy E. Blodgett, federal prisoner # 10625-046, appeals the district court's denial of his 28 U.S.C. § 2241 petition challenging his conviction and sentence for receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). He argues that the indictment failed to cite a valid offense because § 2252A(a)(2) was never enacted by Congress or published in the Federal Register and because § 2252A(a)(2) was beyond the enumerated powers of Congress in violation of the Tenth Amendment. He contends that the indictment was void because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleged offense occurred in the state of Montana but he was not tried in a state court in Montana. He asserts that his claims are similar to the claims raised in *Bond v. United States*, 131 S. Ct. 2355 (2011). He maintains that the criminal proceedings against him were a nullity and that he is entitled to immediate release from confinement.

While Blodgett purports to challenge only his indictment, not his conviction and sentence, this is inaccurate because Blodgett is challenging his incarceration, and he is incarcerated under the authority of the judgment of conviction and sentence. *See United States v. Blodgett*, 412 F. App'x 935, 936 (9th Cir. 2011). Accordingly, Blodgett must show that his claims fall under the savings clause of 28 U.S.C. § 2255 in order for them to be cognizable in a § 2241 petition. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).

In *Bond*, 131 S. Ct. at 2361-67, the Supreme Court held that a defendant has standing to raise a Tenth Amendment challenge to the statute under which he was convicted. The Court, however, did not hold that such a challenge could be brought in a § 2241 petition, and the Court did not decriminalize Blodgett's offense conduct or consider the merits to any constitutional challenge to any criminal statute. *See id.* at 2359-67. Blodgett has not cited to any other Supreme Court cases in support of his claims. Accordingly, he has not shown that a previously unavailable Supreme Court case has decriminalized his offense conduct, and he cannot bring his challenges to his conviction in a § 2241 petition under the savings clause of § 2255. *See Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003).

AFFIRMED.