# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 10, 2012

No. 11-10251
Summary Calendar

Lyle W. Cayce
Clerk

MARTHA BELL,

Petitioner-Appellant

v.

JOE KEFFER, Warden, FMC Carswell,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-928

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Martha Bell, former federal prisoner # 08236-068, appeals the dismissal of her 28 U.S.C. § 2241 petition alleging that her conviction for health care fraud, in violation of 18 U.S.C. §§ 1347 and 2, and her convictions for having made false statements relating to health care matters, in violation of 18 U.S.C. § 1035(a)(2), were invalid in light of *Skilling v. United States*, 130 S. Ct. 2896, 2907 (2010). The district court dismissed the petition on grounds that Bell failed to satisfy the "savings clause" of 28 U.S.C. § 2255.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10251

Under § 2241, we review factual findings for clear error and conclusions of law de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). This court may affirm the district court's judgment on any basis supported by the record. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

A § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the "savings clause" of § 2255 if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *see also Christopher v. Miles*, 342 F.3d 378, 381-82 (5th Cir. 2003). The savings clause is applicable only to a claim that (i) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that (ii) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The petitioner bears the "stringent" burden of affirmatively showing that the § 2255 remedy is inadequate or ineffective and that she is entitled to avail herself of the "limited exception" found in the savings clause. *Christopher*, 342 F.3d at 382.

Bell has not made such a showing. She attempts to establish that *Skilling* renders her actually innocent of her conviction for health care fraud because it was predicated on a scheme to deprive Medicare and Medicaid of the right to honest services, as compared to money. However, the trial court did not find, as Bell claims, that the Government failed to prove any economic loss. To the contrary, the trial court explicitly found that "there [was] a monetary loss in this case." *See United States v. Bell*, 282 F. App'x 184, 187 (3rd Cir. 2008) (rejecting Bell's sufficiency of the evidence challenge and observing that records were falsified to maintain the "flow of government money"). Additionally, even if the reference to honest services in the jury instructions is constitutional error after *Skilling*, the indictment contained sufficient charges for which Bell could have

2

been convicted of "obtain[ing], by means of false or fraudulent pretenses, representations, or promises, . . . money," as she was charged with health care fraud in executing and attempting to execute both a scheme or artifice to defraud Medicare and Medicaid and a scheme or artifice to obtain money under the control of Medicare and Medicaid. *See Christopher*, 342 F.3d at 383; § 1347; *see also United States v. Skilling*, 638 F.3d 480, 481 (5th Cir. 2011) (on remand) ("[A]n alternative-theory error . . . is subject to harmless-error analysis so long as the error at issue does not categorically vitiate *all* the jury's findings.") (internal quotation marks, brackets, and citation omitted), *pet. for cert. filed* (Nov. 28, 2011) (No. 11-674). *Skilling* does not establish that Bell's convictions are for nonexistent offenses. Consequently, we do need reach the questions whether *Skilling* is retroactively applicable to cases on collateral review or whether Bell's purported claim was previously foreclosed by circuit precedent because Bell cannot meet her burden regardless. *See Christopher*, 342 F.3d at 382; *Reyes-Requena*, 243 F.3d at 904.

AFFIRMED.