# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10197
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 1, 2016

Lyle W. Cayce
Clerk

RODGER DALE GRIGGS,

Petitioner-Appellant

v.

RODNEY W. CHANDLER, Warden, Federal Correctional Institution-Fort Worth,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-133

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Rodger Dale Griggs, federal prisoner # 07572-040, appeals the dismissal of a petition that the district court construed as arising under 28 U.S.C. § 2241, and dismissed for lack of subject matter jurisdiction. Griggs contends that he meant to file a civil complaint requesting a default judgment, and the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erroneously construed his petition as a collateral attack on his conviction. He also has moved for a default judgment.

The district court reasonably could have concluded that Griggs's petition arose under § 2241. Griggs's expressly raised claims that attacked the legality of his conviction (e.g., whether his indictment should be dismissed as invalid, whether the court of conviction had jurisdiction, whether he should be released from prison because he was wrongly convicted) and, therefore, were cognizable in a federal habeas petition. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The district court could not construe the petition as a 28 U.S.C. § 2255 motion because Griggs filed prior § 2255 motions attacking his conviction, and a § 2255 motion can be reviewed only in the sentencing court, i.e., the Northern District of Indiana. *See Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001); § 2255(a), (h). The district court properly considered whether Griggs could assert his claims under § 2241 by satisfying the savings clause of § 2255(e), *see Reyes-Requena*, 243 F.3d at 904, and found that he had not made the required showing. Griggs has not asserted that he can satisfy the savings clause or otherwise addressed the district court's reasoning and, thus, he has not shown that the district court's conclusion was incorrect. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). His characterization of his filing as a civil complaint is irrelevant and, based upon the nature of the claims raised, inaccurate. *See Tolliver*, 211 F.3d at 877-78.

Accordingly, the judgment of the district court is AFFIRMED. Griggs's motion for a default judgment is DENIED.