# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50822
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

DWIGHT ROMARO BRANCH,

Petitioner-Appellant

v.

CHERON NASH, Warden at Federal Correctional Institution Bastrop,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-684

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dwight Romaro Branch, federal prisoner # 23892-077, filed a 28 U.S.C. § 2241 petition in which he challenged (1) his 20-year sentence for robbery and firearm offenses and (2) the Bureau of Prisons' (BOP) denial of his request for a *nunc pro tunc* designation of state prison as the place for the service of his federal sentence. The district court dismissed the petition in part and denied it in part.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50822

On appeal, Branch contends that he is entitled to resentencing because the presentence report's failure to advise the federal sentencing court of his pending state charges resulted in the court's failure to designate whether his federal sentence would be served concurrently with any potential state sentence. Citing U.S.S.G. § 5G1.3(b), Branch also argues that the district court did not properly sentence him under the Guidelines because his state and federal sentences arose from the same course of conduct. These arguments concern errors that occurred at sentencing and are properly raised in a 28 U.S.C. § 2255 motion. *See Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). Branch has not shown that the remedy provided under § 2255 is inadequate or ineffective, and he therefore may not bring his sentencing claims under § 2241. *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

With respect to the *nunc pro tunc* designation, which would have effectively made his federal sentence run concurrently with his expired state sentence for the same conduct, Branch contends that the BOP abused its discretion in denying his request because the BOP considered only the federal sentencing judge's opinion that the sentences should be served consecutively. Branch also contends that, in evaluating his request, the BOP should have considered the fact that his federal and state sentences arose from the same course of conduct.

The federal sentencing court provided a through explanation for its recommendation that Branch's request be denied. *See* 18 U.S.C. § 3621(b)(4). The record establishes that the BOP conducted a proper inquiry of the § 3621(b) factors before determining that a *nunc pro tunc* designation was not warranted. The district court did not err in upholding the BOP's decision. *See* § 3621(b); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).

AFFIRMED.