# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50141
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 24, 2017

Lyle W. Cayce
Clerk

CARLOS PAUL GONZALEZ,

Petitioner-Appellant

v.

J. S. WILLIS, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CV-402

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Carlos Paul Gonzalez, federal prisoner # 82609-179, appeals the denial of his 28 U.S.C. § 2241 petition challenging his 135-month sentence for conspiring to commit mail and wire fraud. He argues that the district court erred by dismissing his claims that the court lacked subject matter jurisdiction over his case and that his sentence violated his ex post facto rights.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50141

We review de novo the dismissal of a § 2241 petition. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Generally, claims of trial or sentencing errors are not properly raised in a § 2241 petition. *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). However, a § 2241 petition that attacks a federal sentence may be considered if the petitioner shows that § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e). To satisfy this "savings clause," the petitioner must show that the claims are "based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense," and that the claims were previously "foreclosed by circuit law." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

As the district court correctly determined, Gonzalez has failed to make such a showing. Contrary to Gonzalez's assertion, the denial of his prior § 2255 motion does not, in and of itself, establish that § 2255 relief is inadequate. *See Pack*, 218 F.3d at 452-53. Nor does *Peugh v. United States*, 133 S. Ct. 2072, 2078 (2013), which addressed an application of the United States Sentencing Guidelines, establish that Gonzalez was convicted of a nonexistent offense. *See Reyes-Requena*, 243 F.3d at 904.

The judgment of the district court is AFFIRMED.