# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31209
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2017

Lyle W. Cayce
Clerk

JAMES ARTHUR WOODLEY,

Petitioner-Appellant

v.

M.D. CARVAJAL, Warden, United States Penitentiary, Pollock;
ADMINISTRATION OF UNITED STATES PENITENTIARY POLLOCK,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CV-1104

Before DENNIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

James Arthur Woodley, federal prisoner # 83958-079, seeks leave to appeal in forma pauperis (IFP) from the dismissal of his 28 U.S.C. § 2241 petition. We will not grant the motion unless Woodley shows that he has at least one nonfrivolous appellate claim and thus is taking the appeal in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Woodley has not met this standard.

Woodley has shown no error in the district court's reasoning and thus has not shown that he has a nonfrivolous appellate claim. Because the claims raised in his § 2241 petition concern his conviction and sentence, rather than the manner in which his sentence is being executed, they arise under 28 U.S.C. § 2255, not § 2241. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001). Additionally, he has not shown that he is entitled to proceed under the savings clause of § 2255(e), as he has not cited a retroactively applicable Supreme Court case showing that he was convicted of a nonexistent offense. *See Reyes-Requena*, 243 F.3d at 904. Because he has not raised a viable § 2241 claim, there is no error in the denial of his motion for appointed counsel. *See* 18 U.S.C. § 3006A(a)(2)(B).

In sum, Woodley has failed to raise a nonfrivolous appellate claim. Accordingly, his motion to proceed IFP on appeal is DENIED. Because this appeal is frivolous, it is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.