# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60643
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2018

Lyle W. Cayce
Clerk

GEORGE WILLIAM WHEELER,

Petitioner-Appellant

v.

MARCUS MARTIN, Warden, Federal Correctional Institution Yazoo City,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CV-498

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant George William Wheeler, federal prisoner # 27644-001, appeals the dismissal of his 28 U.S.C. § 2241 habeas application challenging his conviction in the Northern District of Alabama for conspiracy to possess five kilograms of cocaine with intent to distribute. Wheeler argues that the district court erred in dismissing his § 2241 petition because the Alabama district court failed to address many of the claims raised in his 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60643

U.S.C. § 2255 motion and erred by not holding an evidentiary hearing. Wheeler also raises claims of prosecutorial misconduct, ineffective assistance of counsel, and confrontation right violations.

A prisoner challenging the validity of his conviction ordinarily must do so under § 2255 and may proceed under § 2241 only if he shows that his § 2255 remedy was inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). To do so, he must raise a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Because Wheeler neither cites a retroactively applicable Supreme Court decision in support of his claims nor argues that they were foreclosed by circuit law at the time of his trial, appeal, or § 2255 motion, the district court did not err in dismissing his § 2241 petition. *See id.*; § 2255(e).

AFFIRMED.