# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-40798
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2018

Lyle W. Cayce
Clerk

JORGE LUIS TORRES,

Petitioner-Appellant

v.

RACHEL CHAPA, Warden,

Respondent-Appellee

———————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:17-CV-165

———————

Before BENAVIDES, OWEN, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Torres, federal prisoner # 58562-004, is serving a 380-month sentence for drug and firearm crimes. He appeals the denial of a purported 28 U.S.C. § 2241 petition that the district court deemed to be in substance a 28 U.S.C. § 2255 motion.

On appeal, Torres contends that his sentence is unlawfully based on a conviction that can no longer serve as a predicate for career-offender status

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under U.S.S.G. § 4B1.1.   He also asserts that a mandatory consecutive sentence for carrying a firearm during a drug-trafficking crime is invalid because the underlying crime was not a drug-trafficking offense and because he did not actively employ a firearm.  In addition, he argues that the sentencing court failed to recognize that it could have compensated for his mandatory consecutive sentence by reducing his other sentences.

Section 2241 is the procedural vehicle for challenging the manner in which a sentence is being executed, whereas a § 2255 motion is the vehicle for collaterally attacking a federal conviction and sentence.  *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).  Accordingly, because Torres seeks to challenge his sentences, his claims would properly be the subject of a § 2255 motion rather than a § 2241 petition.  *See id.*

Torres may seek relief in a § 2241 petition under the "savings clause" of § 2255 if he demonstrates that a § 2255 "motion is inadequate or ineffective to test the legality of his detention."   § 2255(e); *see Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001).  However, a prior unsuccessful § 2255 motion, or the inability to meet the requirements for filing a second or successive § 2255 motion, does not render § 2255 inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).   Rather, Torres was required to show that "(1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was 'actually innocent' of the charges against him . . . ; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it" in a earlier proceeding.  *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003).

Torres fails to make the showing needed to bring his claims within the savings clause of § 2255(e).  The dismissal of his § 2241 petition is AFFIRMED.