# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-51061
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MYRON EDWARD SCHANCK, also known as Myron Schanck, also known as
Myron Edward Schanck, Jr.,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:12-CR-177-1

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:*

Myron Edward Schanck, federal prisoner # 82292-080, has moved for
leave to proceed in forma pauperis ("IFP") to appeal the district court's
dismissal of his petition for a writ of *audita querela* to challenge his sentence.
Schanck received an enhanced sentence because the sentencing court
concluded he had a prior conviction for a crime of violence under  U.S.S.G.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-51061

§ 2K2.1(a)(1)(A)(ii) and (B) (2011). He argues his prior burglary conviction under Texas Penal Code § 30.02(a) no longer qualifies as an enumerated crime of violence based on this Court's decision in *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc), *vacated by* No. 17-1445, 2019 WL 2493911, at *1 (U.S. June 17, 2019). He contends that he is entitled to seek relief under a writ of *audita querela* because it provides a remedy if a legal defense arises after a judgment was issued that was correct at the time it was entered. Further, he states 28 U.S.C. § 2255 does not provide him with an adequate remedy because the limitations period has elapsed.

By moving for leave to proceed IFP on appeal, Schanck is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into his good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam) (internal quotation marks and citation omitted).

Schanck has not shown that he is entitled to relief under a petition for a writ of *audita querela*. Assuming the writ is available in criminal cases, a prisoner will be eligible for relief only "where there is a legal objection to a judgment" that arose after the judgment and if the prisoner presents a claim that "cannot be brought pursuant to any other post-conviction remedy." *United States v. Miller*, 599 F.3d 484, 488 (5th Cir. 2010). The fact that a movant cannot meet the requirements of § 2255 does not render the § 2255 remedy unavailable. *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (per curiam). Schanck has failed to demonstrate that a remedy is unavailable under § 2255, which precludes him from obtaining relief under a writ of *audita querela*. *See Miller*, 599 F.3d at 488.

No. 18-51061

Schanck also argues that he should be permitted to challenge his sentence in the district court pursuant to 28 U.S.C. § 2241. However, he abandoned his arguments for § 2241 relief in the district court. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Accordingly, Schanck has failed to show an error in the district court's certification decision and has not established that he will raise a nonfrivolous issue on appeal. *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220. Thus, Schanck's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.