# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60197
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 16, 2019

Lyle W. Cayce
Clerk

JOSEPH R. DICKEY,

Petitioner-Appellant

v.

C. NASH, Warden, United States Penitentiary Yazoo City,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CV-101

Before ELROD, HAYNES, and DUNCAN, Circuit Judges.

PER CURIAM:*

Joseph R. Dickey, federal prisoner # 25345-001, pleaded guilty to numerous counts relating to child pornography and interstate travel to engage in sexual acts with a juvenile, and he received an aggregate sentence of 135 years in prison. He has filed an unsuccessful 28 U.S.C. § 2255 motion challenging these convictions.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60197

Following this, Dickey filed the instant petition pursuant to 28 U.S.C. § 2241, in which he argued that he was actually innocent of at least some of his offenses and that his trial attorneys were ineffective. The district court denied Dickey's petition because he was challenging the judgment of conviction rather than the manner in which his sentence was executed, and Dickey failed to demonstrate that the remedy under § 2255 was inadequate or ineffective to test the legality of his detention. Dickey moved for leave to proceed in forma pauperis (IFP) on appeal from that judgment, but the district court denied the motion based on its finding that Dickey was financially ineligible for IFP status. He now moves this court for leave to proceed IFP on appeal.

Under Federal Rule of Appellate Procedure 24(a)(5), we may entertain a motion to proceed IFP when the district court has denied a litigant leave to proceed IFP. To be granted leave to proceed IFP on appeal, Dickey must show not only that he is pauper[1] but also that he will raise a nonfrivolous issue on appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). If the appeal is frivolous, we may dismiss it sua sponte. 5TH CIR. R. 42.2.

A § 2241 petition that challenges errors at trial or sentencing, like Dickey's, is properly construed as a § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Under the "savings clause" of § 2255, however, a prisoner may be permitted to raise his claims in a § 2241 petition if he can demonstrate that the § 2255 remedy would be "inadequate or ineffective to test the legality of his detention." *See id.* (quoting § 2255). The savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision, (ii) that was foreclosed by circuit law at the time when the claim should have been raised, and (iii) which establishes that the

---

[1] Because we determine that the appeal is frivolous, we do not address Dickey's arguments about his financial status.

petitioner may have been convicted of a nonexistent offense. *Reyes-Requena*, 243 F.3d at 904.

Dickey makes no argument that he satisfies this standard and instead argues that he should not be required to do so because his claims of actual innocence and his inability to satisfy the standards for filing a successive § 2255 motion warrant consideration of his claims. We have held that neither a prior unsuccessful § 2255 motion nor the inability to meet the requirements for filing a successive § 2255 motion makes the § 2255 remedy inadequate. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Dickey has failed to demonstrate that the remedy under § 2255 is inadequate or ineffective and that he will raise a nonfrivolous issue on appeal. *See Carson*, 689 F.2d at 586. Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Dickey's motion for leave to file a supplemental brief is DENIED as unnecessary.