# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2021

Lyle W. Cayce
Clerk

No. 20-61113
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANGELA BRYSON MILLER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:10-cr-163-2

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Angela Bryson Miller, federal prisoner # 14832-042, was convicted of two counts of aiding and abetting the brandishing of a firearm during a crime of violence, in violation of 18 U.S.C. § 2 and 18 U.S.C. § 924(c)(1)(A). She was sentenced to 384 months in prison and five years of supervised release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-61113

She now appeals the denial of her compassionate-release motion filed under 18 U.S.C. § 3582(c)(1)(A).

We review the denial of a § 3582(c)(1)(A) motion for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court disposing of such a motion is bound only by § 3582(c)(1)(A)(i) and the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

Miller claims the district court committed a wide-variety of errors. She says the district court (1) failed to consider her heightened susceptibility to COVID-19 given her various illnesses; (2) inappropriately weighed the § 3553(a) factors and failed to give due weight to the First Step Act's non-retroactive amendment to § 924(c); and (3) inappropriately weighed her co-defendant's recantation of inculpatory statements.[1]

Miller failed to establish that the district court "base[d] its decision on an error of law or a clearly erroneous assessment of the evidence." *Chambliss*, 948 F.3d at 693 (quotation omitted). Instead, Miller claims that the district court should have weighed the § 3553(a) factors differently and should have deemed her § 3582(c)(1)(A)(i) argument more compelling. But that is not a basis for overturning the district court. *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016) ("Though Appellant[] may disagree with how the district court balanced the § 3553(a) factors, [her

---

[1] Miller also claims that a sentence reduction is merited because she is the caretaker for her aging parents. She failed to raise this argument before the district court, and we therefore do not consider it here. *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999) ("An appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling.").

No. 20-61113

contention] that these factors should have been weighed differently is not a sufficient ground for reversal.").

The district court did not abuse its discretion in determining that Miller's obesity and hypertension were not "extraordinary and compelling reasons" to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A)(i). *See Chambliss*, 948 F.3d at 693–94. Nor did the district court err in finding that the § 3553(a) sentencing factors militated against a sentence reduction because: (1) the First Step Act's § 924(c) amendment is not retroactive, *see United States v. Gomez*, 960 F.3d 173, 177 (5th Cir. 2020); and (2) the sentence imposed served the interest of justice and reflected the seriousness of Miller's offenses, *see* § 3553(a)(2)(A). And to the extent that Miller seeks to attack her underlying sentence with evidence that her co-defendant recanted inculpatory statements, the proper vehicle is a motion under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

AFFIRMED.