# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2012

Lyle W. Cayce
Clerk

No. 11-10918
Summary Calendar

JULIET R. COTTON, also known as J. R. Woodard,

Petitioner-Appellant

v.

JOE KEFFER, Warden,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-545

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juliet R. Cotton, federal prisoner # 53034-019, appeals the dismissal of her 28 U.S.C. § 2241 petition wherein she challenged her convictions for bank fraud in violation of 18 U.S.C. § 1344. Cotton argues that her convictions are invalid in light of the Supreme Court's holding in *Skilling v. United States*, 130 S. Ct. 2896, 2907 (2010). The district court dismissed the petition on grounds that Cotton failed to satisfy the savings clause of 28 U.S.C. § 2255. The Government

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

has moved for summary affirmance or, alternatively, an extension of time to brief the merits.

Cotton has not adequately briefed any challenge to the dismissal of claims raised in the district court challenging her money laundering convictions on the grounds that they were invalid in light of *United States v. Santos*, 553 U.S. 507 (2008), and that the remaining convictions and sentence enhancements were inextricably intertwined with her allegedly invalid convictions. Accordingly, she has abandoned those issues. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Under § 2241, we review factual findings for clear error and conclusions of law de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). We may affirm the district court's judgment on any basis supported by the record. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

A § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *see also Christopher*, 342 F.3d at 381-82. The savings clause is applicable only to a claim that (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

In *Skilling*, the Supreme Court determined that 18 U.S.C. § 1346, criminalizing fraud by scheme or artifice to defraud one of honest services, was limited to cover only bribery and kickback schemes. *Skilling v. United States*, 130 S. Ct. 2896, 2931 (2010). However, Cotton's offenses did not involve honest services fraud but were instead schemes to steal money from a financial

institution.  Cotton fails to show that her claims fall under the savings clause of § 2255.

Because *Skilling* does not establish that Cotton was convicted of nonexistent offenses, we need not decide whether it applies retroactively to cases on collateral review or whether Cotton's purported claim was previously foreclosed by circuit precedent.  She cannot meet her burden regardless.  *See Christopher*, 342 F.3d at 382; *Reyes-Requena*, 243 F.3d at 904.

She has also failed to show that the district court erred in denying her request for production of documents.  As the record refutes Cotton's claim that she was convicted on a theory of honest services fraud, the denial of her motion for production of documents was neither arbitrary nor clearly unreasonable. *United States v. MacCollom*, 426 U.S. 317, 324-25 (1976).

Cotton raises numerous other claims challenging her conviction and the trial court proceedings.  Because these issues are raised for the first time on appeal, we will not consider them.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Accordingly, the judgment of the district court is AFFIRMED.  The Government's motion for summary affirmance and alternative motion for an extension of time to file a brief are DENIED.  Cotton's motions for bail pending appeal, supplementation of the record, supplementation of her brief, and for transcripts at the Government's expense are DENIED.