United States Court of Appeals
Fifth Circuit

**F I L E D**

February 28, 2007

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals
For The Fifth Circuit*

No. 04-51234

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SALVADOR SALTO,

Defendant - Appellant.

Appeal from the United States District Court
For the Western District of Texas
No. 5:02-CR-66-1

Before GARWOOD, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Salvador Salto, a federal prisoner, pleaded guilty to conspiracy to distribute 1,000 kilograms or more of marijuana. The district court denied his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Salto now appeals the district court's denial of his section 2255 motion.

Salto previously requested that this court issue a Certificate of Appealability (COA)

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on seven issues.[1] On May 27, 2005, a judge of this court granted a COA on three of the issues and denied Salto's motion on the other four issues, including ineffective assistance of counsel at sentencing. In this appeal, Salto briefed the three issues for which he was granted a COA and did not address the other four issues. The Government now concedes, however, that Salto's counsel was ineffective at sentencing. In the interest of justice, the Government requests that this court reconsider Salto's motion for COA on the issue of ineffective assistance of counsel at sentencing,[2] issue Salto a COA on the issue,[3] and remand this case for resentencing.

Salto argued in his original motion for a COA that his counsel was ineffective at sentencing because his counsel failed to object to the drug quantity for which Salto was held responsible at sentencing. Although Salto pleaded guilty to conspiracy to distribute more than 1,000 kilograms of marijuana, the Government agreed to hold Salto responsible for only 581 kilograms of marijuana. Despite agreeing to the lesser quantity, however, the Government maintained at sentencing that a 10-year statutory minimum sentence applied.

---

[1] *See* 28 U.S.C. § 2253(c)(1)(B) (2000) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255."); FED. R. APP. P. 22(b)(1) ("[I]n a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).").

[2] *See Cole v. Dretke*, 418 F.3d 494, 496 (5th Cir. 2005) (granting a COA after remand from the Supreme Court on an issue in which a COA had been previously denied), *cert. granted sub nom*, *Abdul-Kabir v. Quarterman*, 127 S. Ct. 432 (Oct. 13, 2006).

[3] *See* 28 U.S.C. § 2253(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").

The Government now admits that this was a mistake because the 10-year statutory minimum only applies when the defendant is held responsible for 1,000 kilograms or more of marijuana.[4] The district court, however, sentenced Salto to ten years imprisonment and five years supervised released based on 1,000 kilograms of marijuana.

Because the Government concedes that Salto's counsel was ineffective at sentencing, we GRANT Salto's motion for a COA on this issue, VACATE Salto's sentence, and REMAND for resentencing under a guideline range consistent with the amounts attributed to him. We do not reach the other issues raised on appeal.

---

[4]*See* 21 U.S.C. § 841(b)(1)(A) (2000).