**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2012

Lyle W. Cayce
Clerk

No. 11-51198
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BART ELLIS SHOUPE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-827

Before STEWART, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Bart Ellis Shoupe, federal prisoner # 44194-080, who was convicted of drug trafficking in 2004, and whose subsequent direct appeal, and post-conviction filing pursuant to 28 U.S.C. § 2255, were denied, now has filed a 28 U.S.C. § 2241 petition challenging his sentence for drug trafficking. The district court recharacterized his petition as a 28 U.S.C. § 2255 motion and dismissed it as a successive and unauthorized motion. Shoupe now seeks a certificate of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51198

appealability (COA) and argues that he may bring his challenge as a § 2241 petition pursuant to the "savings clause" of § 2255. He also moves for leave to proceed in forma pauperis (IFP) on appeal.

Because Shoupe sought relief under § 2241, he is not required to obtain a COA to appeal the district court's denial of § 2241 relief. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). His motion for a COA, therefore, is denied as unnecessary.

Because Shoupe challenged his sentence, and because § 2255 provides the primary means of collaterally attacking a federal sentence, the district court did not err by recharacterizing Shoupe's petition as a § 2255 motion. *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). Before Shoupe may file a second or successive § 2255 motion, he must obtain an order from this court authorizing the district court to consider a second or successive application. 28 U.S.C. §§ 2244(b)(3), 2255(h). Shoupe has not sought or obtained leave to file a second or successive § 2255 motion. Therefore the district court properly dismissed his motion as successive and unauthorized. *See* § 2255(h).

Under the "savings clause" of § 2255, Shoupe may attack his federal sentence under § 2241 if he shows that § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e). The bar against filing successive § 2255 motions does not render § 2255 inadequate or ineffective. *Tolliver*, 211 F.3d at 878. The savings clause applies only to claims that were "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion," if the claims are "based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense." *Reyes-Requena v. United States*, 243

No. 11-51198

F.3d 893, 904 (5th Cir. 2001).

Shoupe asserts that, because of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he was charged and then sentenced for the drug amount alleged in his indictment. He further asserts that, if he had been sentenced after *United States v. Salto*, 220 F. App'x 299 (5th Cir. 2007) (unpublished), his sentence would not have been based on that particular drug amount. He thus contends, in a loose analogy to *Reyes-Requena*, that *Salto* renders him "innocent" of the sentence imposed under the sentencing regime in force between *Apprendi* and *Salto*.

*Apprendi* did not foreclose challenges to drug quantities used for sentencing but rather increased the Government's burden of proving the drug quantities required for enhanced statutory maximum penalties. *See Apprendi*, 530 U.S. at 490 (holding that a "fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). In addition, *Salto* was not a Supreme Court decision and did not establish that Shoupe may have been convicted of "a nonexistent offense." *See Reyes-Requena*, 243 F.3d at 904; *Salto*, 220 F. App'x at 300-01. Shoupe has not demonstrated that his claim is within the savings clause. *See* § 2255(e). The judgment of the district court is therefore affirmed. Because there is no viable ground for an appeal, Shoupe's motion for leave to appeal in forma pauperis (IFP) is denied.

JUDGMENT AFFIRMED; COA DENIED; IFP DENIED.

3