# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 17, 2012

Lyle W. Cayce
Clerk

No. 11-41017
Summary Calendar

GEORGE H. WATSON,

Petitioner-Appellant

v.

JOHN FOX,

Respondent-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-226

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

George H. Watson, former federal prisoner # 83387-180, was convicted in 2008 of conspiracy to commit wire fraud and violate federal law and making a false statement relating to a loan, and he was sentenced to 57 months of imprisonment. He did not appeal his convictions or sentence.

In May 2011, while he was still incarcerated, Watson filed a petition pursuant to 28 U.S.C. § 2241, in which he challenged his 2008 convictions. The district court denied Watson's petition because the claims raised therein

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenged a judgment of conviction and not the manner in which Watson's sentence was executed, and Watson failed to demonstrate that the remedy under 28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his detention.

Watson moved for leave to proceed in forma pauperis (IFP) on appeal from that judgment, but the district court denied the IFP motion based on its finding that Watson was financially ineligible for IFP status. Watson now moves this court for leave to proceed IFP on appeal.

Under Federal Rule of Appellate Procedure 24(a)(5), we may entertain a motion to proceed IFP when the district court has denied a litigant leave to proceed IFP. To be granted leave to proceed IFP on appeal, Watson must show not only that he is pauper[1] but also that he will raise a nonfrivolous issue on appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). If the appeal is frivolous, we may dismiss it sua sponte. 5th Cir. R. 42.2.

A § 2241 petition that challenges errors at trial or sentencing, like Watson's, is properly construed as a § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Under the "savings clause" of § 2255, however, a prisoner may be permitted to raise his claims in a § 2241 petition, if he can demonstrate that the § 2255 remedy would be "inadequate or ineffective to test the legality of his detention." *See id.* (quoting § 2255). The savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision, (ii) that was foreclosed by circuit law at the time when the claim should have been raised, and (iii) which establishes that the petitioner may have been convicted of a nonexistent offense. *Id.* at 904.

Watson makes no argument that he satisfies this standard but argues that "he was not made aware of the defects in his indictment until after the statute

---

[1] Because we determine that the appeal is frivolous, we do not address Watson's arguments about his financial status.

of limitations had run on his § 2255 rights" and that "[t]he § 2255 statute of limitations is capricious, arbitrary and unsupportable."  We have held that a prior unsuccessful § 2255 motion, or the inability to meet the requirements for filing a successive § 2255 motion, does not make the § 2255 remedy inadequate. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).  Thus, Watson has failed to demonstrate that the remedy under § 2255 is inadequate or ineffective and that he will raise a nonfrivolous issue on appeal.  *See Carson*, 689 F.2d at 586.

Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.