**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 9, 2012

Lyle W. Cayce
Clerk

No. 12-30248
Summary Calendar

LAFAYETTE HOWARD,

                    Petitioner-Appellant

v.

JOSEPH P. YOUNG,

                    Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CV-1415

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lafayette Howard, federal prisoner # 16886-076, appeals the dismissal of his 28 U.S.C. § 2241 petition challenging his convictions for armed bank robbery, assault during a bank robbery, and carrying a firearm during and in relation to a crime of violence, for which he received an aggregate sentence of 28 years in prison. He contends that his convictions for armed bank robbery and the firearm carrying violated the Double Jeopardy Clause because they were based upon the same weapon. Howard also asserts that his trial attorney rendered ineffective

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assistance by advising him to plead guilty to the named offenses despite the purported double jeopardy violation and despite the lack of evidence supporting his convictions.

Typically, in reviewing the denial of a § 2241 petition, we review the district court's legal determinations de novo and its factual findings for clear error. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). However, because Howard failed to object to the magistrate judge's report, we review for plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). To establish plain error, Howard must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file a 28 U.S.C. § 2255 motion. *Padilla*, 416 F.3d at 426-27. Such claims may be raised in a § 2241 petition under the savings clause of § 2255(e) only if the prisoner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." § 2255(e). Howard has not made such a showing, as he has not established that his claim is based on a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Howard also asserts that the district court failed to liberally construe his pro se pleadings, as required by *Haines v. Kerner*, 404 U.S. 519, 520 (1972), because it did not conduct a "meticulous review" of the record to determine whether relief was warranted on the merits of Howard's allegations. The district court determined that it lacked jurisdiction over Howard's § 2241 petition because the pleading did not challenge the execution of Howard's sentence and did not satisfy the § 2255(e) savings clause. The district court could not consider

Howard's § 2241 petition as his initial § 2255 motion because it lacked jurisdiction over such a pleading. *See* § 2255(a). To the extent that Howard may be asserting that the district court could not recharacterize his § 2241 petition as a § 2255 motion, he is incorrect. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). Because Howard has not shown a clear or obvious error, the judgment of the district court is AFFIRMED. *See Puckett*, 556 U.S. at 135.