# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 11, 2012

No. 11-11131
Summary Calendar

Lyle W. Cayce
Clerk

SAM D. BELL,

Petitioner-Appellant

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL; KAREN EDENFIELD,
Warden,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CV-78

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Sam D. Bell, federal prisoner # 11973-078, moves for leave to proceed in
forma pauperis (IFP) on appeal from the district court's dismissal of his petition
for habeas corpus relief pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.
Bell challenges his conviction of being a convicted felon in possession of a
firearm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

To proceed IFP on appeal, a movant must demonstrate that he is a pauper[1] and that he will raise nonfrivolous issues for appeal. *Carson v. Polley,* 689 F.2d 562, 586 (5th Cir. 1982). Relevant to the grounds for dismissal in the district court, Bell argues that 28 U.S.C. § 2255 violates the Suspension Clause; that § 2255 is inadequate to test the legality of his conviction because it contains a one-year statute of limitations; and that he should not be required to proceed under § 2255 because he is challenging the validity of a statute and not the validity of his conviction.

A writ of habeas corpus filed under § 2241 and a motion to vacate, set aside, or correct a sentence filed under § 2255 are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 is generally used to attack the manner in which a sentence is executed. *Id.* A petition filed under § 2241 which attacks errors that occurred at trial or sentencing should be construed as a § 2255 motion. *Id.* at 877-78.

A federal prisoner may attack the validity of his conviction in a § 2241 petition if he can meet the requirements of § 2255(e)'s savings clause. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). The prisoner bears the burden of showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). A petitioner's inability to meet the procedural requirements of § 2255 is insufficient to meet this burden. *See Pack*, 218 F.3d at 452-53. Rather, a prisoner who wishes to proceed under the savings clause must establish that his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of

---

[1] There is some indication that Bell is not a pauper; however, because we conclude that he does not raise a nonfrivolous ground for appeal, we need not decide that issue.

a nonexistent offense" and that the claim "was foreclosed by circuit law at the time when the claim should have been raised." *Reyes-Requena*, 243 F.3d at 904.

Bell contends that Congress lacked authority under the Commerce Clause to enact § 922(g); that § 922(g) violates the Tenth Amendment; that he did not possess a weapon in a way that affected interstate commerce; that the trial court lacked jurisdiction over his prosecution; and that § 922(g)(2) is not justified by the Necessary and Proper Clause because it is duplicative of state law. He does not cite to any retroactively applicable Supreme Court decision establishing that he may have been convicted of a non-offense. *See Reyes-Requena*, 243 F.3d at 904.

To the extent Bell argues that the dismissal of his § 2241 petition impermissibly suspends the writ of habeas corpus, his contention lacks merit. This court has held that the restrictions on obtaining relief pursuant to § 2241 and the savings clause of § 2255 do not violate the Suspension Clause. *Wesson v. United States Penitentiary Beaumont, TX,* 305 F.3d 343, 347 (5th Cir. 2002); *Reyes-Requena*, 243 F.3d at 901 n.19.

The district court correctly determined that Bell could not proceed under § 2241. Bell cannot demonstrate that he will raise any nonfrivolous issues for appeal. *See Carson,* 689 F.2d at 586.

IFP DENIED. APPEAL DISMISSED.