# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2011

No. 11-10431
Summary Calendar

Lyle W. Cayce
Clerk

JEROME F. DEERING BEY,

Petitioner-Appellant

v.

REBECCA TAMEZ, Warden-FCI Fort Worth,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-827

Before REAVLEY, SMITH and PRADO, Circuit Judges.

PER CURIAM:[*]

Jerome F. Deering Bey, federal prisoner # 38149-019, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. He argues that he warrants application of the 28 U.S.C. § 2255 savings clause because the Fair Sentencing Act of 2010 (FSA) renders him actually innocent of his crimes of conviction, his conviction constitutes a manifest miscarriage of justice, and failure to apply the FSA to his conviction violates the Equal Protection Clause.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10431

As Bey challenges the legality of his sentence, rather than the manner in which it is being executed, the district court did not err in concluding that his claim arises under § 2255. *See Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005). Because he has not shown that his claim "is based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense," Bey has not shown that he is entitled to proceed under the savings clause of § 2255. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Accordingly, the judgment of the district court is AFFIRMED. The Respondent's motion for summary affirmance is GRANTED, and its alternative motion for an extension of time in which to file a brief is DENIED.