**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 6, 2012

Lyle W. Cayce
Clerk

No. 11-30649
Summary Calendar

JOHNNY TORRES,

Petitioner - Appellant

v.

JOSEPH P. YOUNG,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CV-845

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Johnny Torres, federal prisoner # 51425-019, appeals the dismissal, for lack of jurisdiction, of his 28 U.S.C. § 2241 petition. Torres was sentenced to 360-months' imprisonment following his 2001 convictions for: conspiracy to possess, with intent to distribute, five kilograms or more of cocaine; and, possession of cocaine, with intent to distribute. He contends the vacatur of two of his prior convictions should reduce his criminal-history category and, thus, his Guidelines sentencing range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30649

In reviewing denial of habeas relief, questions of law are reviewed *de novo*. *E.g.*, *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). The primary means of collaterally attacking a federal conviction and sentence is provided by 28 U.S.C. § 2255. *E.g.*, *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 generally is used to attack the manner in which a sentence is executed. *Id.* Nevertheless, a § 2241 petition attacking a federal conviction or sentence may be considered *if* petitioner shows the remedy under § 2255 is "inadequate or ineffective". *Id.* at 878. *See also* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.") ("savings clause"). The remedy under § 2255 is inadequate or ineffective when: a retroactively applicable Supreme Court decision shows petitioner may have been convicted of a nonexistent offense; and that claim was foreclosed by law at the time it should have been raised in petitioner's trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Neither a prior unsuccessful § 2255 motion, as in this instance, nor an inability to meet the requirements for pursuing a successive § 2255 motion renders the § 2255 remedy unavailable. *Tolliver*, 211 F.3d at 878.

Torres contends his claim is cognizable in a § 2241 petition because he is a victim of a miscarriage of justice and is actually innocent of prior offenses that were used in determining his criminal history for sentencing. As Torres challenges only his sentence and not his conviction, his claim does not fall within the savings clause of 28 U.S.C. § 2255(e), and it is not cognizable in a § 2241 petition. *E.g.*, *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005).

AFFIRMED.