# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30274
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2014

Lyle W. Cayce
Clerk

MARCUS DE ANDRE PRESTON,

Petitioner–Appellant,

v.

K. ASK-CARLSON,

Respondent–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-CV-3006

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Marcus De Andre Preston, federal prisoner # 43672-037, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Relying on *Descamps v. United States*, 133 S. Ct. 2276 (2013), Preston argues that the district court erroneously determined that one of his prior convictions was a crime of violence for purposes of U.S.S.G. § 4B1.1(a), resulting in a higher advisory sentencing range under the Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30274

The district court determined that because Preston was raising a claim of sentencing error rather than a challenge to the manner in which his sentence was being carried out, his claim was outside the scope of § 2241.  The court also determined that Preston had not met the criteria for proceeding under the savings clause of 28 U.S.C. § 2255, which allows a federal prisoner to attack the legality of his conviction or sentence in a § 2241 petition if he can show that the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention."  *See* § 2255(e).

A prisoner seeking to establish that his § 2255 remedy is inadequate or ineffective must make a claim (i) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" that (ii) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  *Descamps* has no effect on whether the facts of Preston's case would support his conviction for the substantive offense; therefore, it is not a retroactively applicable Supreme Court decision indicating that he was convicted of a nonexistent offense.  *See, e.g.*, *Wesson v. U.S. Penitentiary Beaumont, Tex.*, 305 F.3d 343, 348 (5th Cir. 2002) (per curiam).  Moreover, claims relating to sentencing determinations do not fall within the savings clause and are not cognizable under § 2241, even where the petitioner asserts a "miscarriage of justice" or actual innocence relating to the alleged sentencing errors.  *See, e.g.*, *Torres v. Young*, 457 F. App'x 427, 429 (5th Cir. 2012) (per curiam); *Bey v. Tamez*, 453 F. App'x 445, 446 (5th Cir. 2011) (per curiam).  Accordingly, the judgment of the district court is AFFIRMED.