# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

────────

No. 14-40507
Summary Calendar

────────

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2015

Lyle W. Cayce
Clerk

TIMOTHY DANIELS,

Petitioner-Appellant

v.

UNITED STATES PENITENTIARY WARDEN,

Respondent-Appellee

────────

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-132

────────

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Timothy Daniels, federal prisoner # 24703-009, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Relying on *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), Daniels argues that the district court erroneously determined that he was an armed career criminal pursuant to U.S.S.G. § 4B1.4(a), resulting in a higher advisory sentencing range under the Sentencing Guidelines.

─────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40507

The district court determined that Daniels had not met the criteria for proceeding under the savings clause of 28 U.S.C. § 2255, which allows a federal prisoner to attack the legality of his conviction in a § 2241 petition if he can show that the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention." § 2255(e). The district court determined that because Daniels was raising a claim of sentencing error, his claim was outside the scope of § 2241.

A prisoner seeking to establish that his § 2255 remedy is inadequate or ineffective must make a claim (i) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" that (ii) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Neither *Descamps* nor *Moncrieffe* has any effect on whether the facts of Daniels's case would support his conviction for the substantive offense; therefore, neither is a retroactively applicable Supreme Court decision indicating that he was convicted of a nonexistent offense. *See, e.g., Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 348 (5th Cir. 2002). Moreover, claims relating to sentencing determinations do not fall within the savings clause and are not cognizable under § 2241, even where the petitioner asserts a "miscarriage of justice" or actual innocence relating to the alleged sentencing errors. *See, e.g., Preston v. Ask-Carlson*, 583 F. App'x 462, 463 (5th Cir. 2014); *Torres v. Young*, 457 F. App'x. 427, 429 (5th Cir. 2012).

Accordingly, the judgment of the district court is AFFIRMED. Daniels's motion to stay the proceedings is DENIED.