# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60071
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2015

Lyle W. Cayce
Clerk

LAUREANO CHIRINO RIVERA,

Petitioner-Appellant

v.

WARDEN BONITA S. MOSLEY,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-935

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Laureano Chirino Rivera, federal prisoner # 79091-004, appeals the district court's denial of his habeas corpus petition pursuant to 28 U.S.C. § 2241. The district court determined that Rivera's claims attacked the validity of his convictions and sentences for conspiracy to commit robbery and conspiracy to carry a firearm during a crime of violence, which were imposed in the Southern District of Florida. The district court determined that Rivera

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

could not pursue relief under § 2241 because he failed to show that the remedy under 28 U.S.C. § 2255 would be inadequate or ineffective, as is required by the savings clause of § 2255(e).  We review the dismissal of a § 2241 petition de novo.  *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

A petition for a writ of habeas corpus filed under § 2241 and a motion to vacate, set aside, or correct a sentence filed under § 2255 are "distinct mechanisms for seeking post-conviction relief."  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence.  *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  Section 2241 is generally used to attack the manner in which a sentence is executed.  *Id*.  A petition filed under § 2241 attacking errors that occurred at trial or sentencing should be construed as a § 2255 motion.  *See id.* at 877-78.

The district court correctly determined that the claims raised in Rivera's § 2241 petition challenged his underlying convictions and sentences rather than the manner in which his sentences are being executed.  Because Rivera's claims arise under § 2255, he may bring them in a § 2241 petition only if he can meet the requirements of § 2255's savings clause by showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention."  § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  To make such a showing, he must establish that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that the claims were "foreclosed by circuit law at the time when the claim[s] should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *Reyes-Requena,* 343 F.3d at 904.

No. 15-60071

In his appellate brief, Rivera renews several claims set forth in his § 2241 petition, but he makes no attempt to establish that his claims meet the requirements of the savings clause. He has failed to show error in the district court's dismissal of his § 2241 petition. Accordingly, the judgment of the district court is AFFIRMED.

Rivera has now filed a total of four unmeritorious § 2241 petitions attacking the same convictions and sentences. He has also, on at least three occasions, sought authorization to file a successive § 2255 motion. He is hereby WARNED that filing frivolous or repetitive challenges to these convictions or sentence in this court or in any court subject to the jurisdiction of this court will invite the imposition of sanctions. Rivera is DIRECTED to review any pending matters to ensure that they are not frivolous or repetitive.