# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30401
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2016

Lyle W. Cayce
Clerk

COREY OUTLAW,

Petitioner-Appellant

v.

C. MAIORANA, Warden, Federal Correctional Institution Oakdale,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:14-CV-1007

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Corey Outlaw, federal prisoner # 29812-018, was convicted of conspiracy to distribute cocaine and cocaine base and knowingly using and carrying a firearm during and in relation to a drug trafficking crime. He is serving a 138-month term of imprisonment on the conspiracy count and a consecutive 120-month term of imprisonment on the firearms count. He now appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Outlaw contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30401

he merits relief under Section 2241 because he is actually innocent of the firearms offense, and his continued incarceration will result in a miscarriage of justice.

We review the dismissal of a Section 2241 petition *de novo*. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A federal prisoner may attack the validity of his conviction in a Section 2241 petition if he can meet the requirements of the savings clause in 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The prisoner must establish that the remedy provided under Section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Reyes-Requena*, 243 F.3d at 901. To make that showing, a prisoner must make a claim (1) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" that (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first [Section] 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

Outlaw fails to make the required showing. He does not cite a retroactively applicable Supreme Court ruling establishing that he may have been convicted of a nonexistent offense, and he does not argue that his claims were foreclosed at the time when they should have been raised at trial, on appeal, or in an initial Section 2255 motion. *See id.* Further, his inability to meet the requirements for filing a successive Section 2255 motion does not make the Section 2255 remedy inadequate. *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Finally, Outlaw's actual innocence argument is unavailing. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *Foster v. Quarterman*, 466 F.3d 359, 367−68 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.