# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11169
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2017

Lyle W. Cayce
Clerk

RICHARD WARNER,

Petitioner-Appellant

v.

RODNEY CHANDLER, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-1301

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Richard Warner, federal prisoner # 43448-177, seeks leave to appeal in forma pauperis (IFP) from the dismissal for lack of jurisdiction of a 28 U.S.C. § 2241 petition he filed challenging his guilty plea conviction and sentence for transporting and shipping child pornography. *See* 18 U.S.C. § 2252(a)(1). In that petition, Warner argued that he is innocent of the offense because the district court lacked jurisdiction to convict him. He asserted that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11169

he was entitled to raise his claim in a § 2241 petition based on the "savings clause" in 28 U.S.C. § 2255(e).

By moving for leave to proceed IFP, Warner is challenging the district court's certification that his appeal would be frivolous and not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Warner's § 2241 petition raised a claim challenging the validity of his conviction and sentence and thus arose under 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). The "savings clause" allows a federal prisoner to attack the legality of his conviction or sentence in a § 2241 petition only if he can show that the remedies provided under § 2255 are "'inadequate or ineffective to test the legality of his detention.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting § 2255). To make such a showing, the petitioner must raise a claim that (1) is based on a retroactively applicable Supreme Court decision; (2) establishes, based on the Supreme Court decision, that he may have been convicted of a nonexistent offense; and (3) was foreclosed by circuit law at the time when it should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Id.* at 904.

Warner cannot show that the district court erred in determining that he did not meet those requirements. In support of his jurisdictional challenge, Warner relies on the Supreme Court's opinion in *National Cable & Telecommunications Ass'n v. Brand X Internet Services*, 545 U.S. 967, 974 (2005). However, that decision predated Warner's conviction and does not establish that he was convicted of a nonexistent offense.

No. 16-11169

Warner's remaining arguments also do not establish that the district court erred in determining that he could not proceed under the "savings clause." Warner's assertions that he was unaware of his argument at the time he filed his § 2255 motion, waived his right to raise his claim in a § 2255 proceeding, and could not raise his claim in a successive § 2255 motion do not establish that his § 2255 remedy was inadequate or ineffective. *See Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Warner has cited no authority to support his assertion that the district court was required to consider his claim because it is the objective of all three branches of government to reduce the prison population.

Because Warner was not entitled to proceed under the savings clause of § 2255(e), he has no nonfrivolous argument that the district court erred in dismissing his § 2241 petition for lack of jurisdiction or by certifying that his appeal would not be taken in good faith. Accordingly, his motion to proceed IFP on appeal is DENIED. Because Warner's appeal is frivolous, it is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.