# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-40380
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2018

Lyle W. Cayce
Clerk

NICHOLAS DEANGELIS,

Petitioner-Appellant

v.

N. VASQUEZ, Warden,

Respondent-Appellee

———————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-213

———————————————

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Nicholas DeAngelis, federal prisoner # 71691-004, appeals the dismissal of his 28 U.S.C. § 2241 habeas application challenging his convictions for: (1) eight counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A); (2) 10 counts of concealment money laundering in violation of § 1956(a)(1)(B); and (3) three counts of money laundering in violation of 18 U.S.C. § 1957. DeAngelis argues that he satisfied the standard set forth in *Reyes-Requena v.*

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40380

*United States*, 243 F.3d 893, 904 (5th Cir. 2001), because *United States v. Santos*, 553 U.S. 507 (2008), is retroactively applicable to cases on collateral review and he could not have raised a *Santos* claim during his trial, appeal, or the one-year time period under 28 U.S.C. § 2255(f).  He also claims that, in light of *Santos*, he is actually innocent because he was convicted of nonexistent offenses.

A prisoner challenging the validity of his conviction ordinarily must do so under § 2255 and may proceed under § 2241 only if he shows that his § 2255 remedy was inadequate or ineffective.  *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  To do so, he must raise a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *Reyes-Requena*, 243 F.3d at 904.

DeAngelis has not satisfied the second prong of the *Reyes-Requena* standard.  The right in *Santos* was initially recognized on June 2, 2008.  *See Santos*, 553 U.S. at 507.  DeAngelis's claim would not have been foreclosed by governing circuit law if he had filed his initial § 2255 motion before June 2, 2009, and, thus, is not cognizable in a § 2241 petition.  *See Reyes-Requena*, 243 F.3d at 904; § 2255(f)(3).  DeAngelis's actual innocence argument under *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), is unavailing.

**AFFIRMED**.