# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50232

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

GUADALUPE ALVARADO GALINDO,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:02-CR-43-1

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Guadalupe Alvarado Galindo, federal prisoner # 27066-180, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his petition for a writ of audita querela. He also moves for a certificate of appealability (COA), but a COA is not required to appeal the denial of a writ of audita querela. *See* 28 U.S.C. § 2253(c)(1). Accordingly, we deny his motion for a COA as unnecessary.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50232

By moving for leave to proceed IFP on appeal, Galindo is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into his good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Galindo first argues that the statutory enhancement of his sentence pursuant to 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 851 has become improper in light of *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). Because he may seek redress of this claim in a motion under 28 U.S.C. § 2255, a writ of audita querela, if it still exists in criminal cases, would not be available for the claim. *See United States v. Miller*, 599 F.3d 484, 488 (5th Cir. 2010). Furthermore, Galindo's inability to meet the requirements for filing a second or successive § 2255 motion would not render the § 2255 remedy unavailable for purposes of audita querela. *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

The remaining claims raised by Galindo also fall outside the scope of relief a writ of audita querela could provide. Whereas audita querela "can only be available where there is a legal objection to a judgment which has arisen subsequent to that judgment," *Miller*, 599 F.3d at 488, Galindo's claims that the district court miscalculated his criminal history points and failed to engage in the colloquy required under § 851(b) allege errors that arose before his criminal judgment was entered. Additionally, Galindo's arguments that different prosecutorial policies would be in effect if he were sentenced today, in light of memoranda by former Attorney General Eric Holder, does not allege that his criminal judgment has become infirm legally. *See id.*

No. 19-50232

Galindo has failed to show an error in the district court's certification decision and has not established that he will raise a nonfrivolous issue on appeal. *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220. His motion for leave to proceed IFP is DENIED, his motion for a COA is DENIED as unnecessary, and his appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24.